IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MYOUN L. SAWYER,**

    **Plaintiff,**

             CIVIL ACTION
 **vs.**           No. 08-3016-SAC

**TAMIRA JEFFERIES, et al.,**

    **Defendants.**

**ORDER**

This matter is before the court on a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff, a prisoner at the Wyandotte County Adult Detention Center, proceeds pro se. The court grants leave to proceed in forma pauperis.[1]

---

[1] Plaintiff is advised that he remains obligated to pay the statutory filing fee of $350.00 in this action upon his satisfaction of the filing fees in Case No. 03-3303, *Sawyer v. St. Peter,* and Case No. 08-3015, *Sawyer v. Gorman*. The Finance Office of the facility where plaintiff is incarcerated will be directed by a copy of this order to collect from plaintiff's account and pay to the clerk of the court twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full. Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future

Plaintiff names as defendants Tamira Jefferies, Classification Supervisor; Detective Victor Chavez; Randall Henderson, jail administrator; and Leroy Green, Sheriff of Wyandotte County.

Plaintiff alleges violations of his constitutional rights and seeks damages.

The complaint alleges the following facts:

Plaintiff received a citation for indecent exposure, a minor violation, on August 22, 2006. The classification director treated this as a major citation violation and imposed segregation for 30 days.

On October 19, 2006, plaintiff received another citation for indecent exposure. The classification director again imposed segregation for 30 days.

On November 21, 2006, plaintiff was criminally charged with the same offenses. He also was charged with six additional incidents of indecent exposure for which he had received verbal warnings.

In February 2007, plaintiff was no longer in custody on felony charges but remained confined on misdemeanor charges. He alleges the classification supervisor failed to properly

---

custodian to disburse funds from his account.

classify him by allowing him to remain in maximum custody. While incarcerated in the maximum custody area, plaintiff was injured by another prisoner and suffered a broken jaw.

On September 20, 2007, plaintiff was interviewed by Detective Chavez concerning his complaints to the administration of the Wyandotte County Jail. Detective Chavez left professional standards complaints with the plaintiff but failed to return to pick up the complaints. He also failed to provide the plaintiff with additional complaint forms.

On October 13, 2007, plaintiff was disciplined with a loss of privileges for throwing a meal tray at a deputy. No hearing was conducted. He received bagged, cold meals for approximately two weeks.

## Discussion

Pursuant to 28 U.S.C. § 1915(e)(2)(B), a court must dismiss any claims in a complaint filed *in forma pauperis* if they are frivolous, malicious or fail to state a claim upon which relief may be granted. "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kan. Dep't of Corr.,* 165 F.3d 803, 806 (10th Cir. 1999).

In evaluating the sufficiency of a complaint, the court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Plaintiff first asserts a claim of double jeopardy. The court construes this claim to challenge the constitutionality of criminal and disciplinary charges based upon the same events. This claim fails, as it is settled that the constitutional ban on double jeopardy is applicable only to proceedings that are "essentially criminal" in nature. *Helvering v. Mitchell,* 303 U.S. 391, 398 (1938). Accordingly, double jeopardy protections are not implicated in administrative prison disciplinary proceedings. *Fogle v. Pierson*, 435 F.3d 1252, 1261-62 (10th Cir. 2006); *Lucero v. Gunter*, 17 F.3d 1347, 1351 (10th Cir. 1994).

Next, to the extent the complaint may be construed to challenge plaintiff's assignment to maximum security housing, the court finds no claim is stated.

The Due Process Clause does not entitle a prisoner to a particular classification, and thus, it does not protect a prisoner from transfer from one housing status to another. *See Hewitt v. Helms,* 459 U.S. 460, 468 (1983)(prisoners have no right under the Constitution to any specific classification or housing assignment); *Templeman v. Gunter*, 16 F.3d 367, 369 (10th

4

Cir. 1994)("Changing an inmate's prison classification ordinarily does not deprive him of liberty, because he is not entitled to a particular degree of liberty in prison.").

Likewise, a prisoner's assignment to administrative segregation does not implicate the Due Process Clause unless that confinement presents "the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." *Sandin v. Conner,* 515 U.S. 472 (1995). The Supreme Court has determined that the segregation of a prisoner as punishment or to aid in the management of a correctional facility is not an unexpected incident in the context of incarceration and does not "present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." *Id.* at 485.

The materials attached to the complaint show plaintiff's custody level was based, in part, upon his disciplinary history and that the classification was reviewed periodically. (Doc. 1, attach. grievance response dated 12/11/07.) These facts suggest a reasonable basis for the decision to increase plaintiff's custody based upon his history of misconduct; likewise, the record does not suggest any unusual or atypical circumstances resulting from the maximum custody classification. Accordingly, the court concludes no claim for relief is stated.


Cir. 1994)("Changing an inmate's prison classification ordinarily does not deprive him of liberty, because he is not entitled to a particular degree of liberty in prison.").

Likewise, a prisoner's assignment to administrative segregation does not implicate the Due Process Clause unless that confinement presents "the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." *Sandin v. Conner,* 515 U.S. 472 (1995). The Supreme Court has determined that the segregation of a prisoner as punishment or to aid in the management of a correctional facility is not an unexpected incident in the context of incarceration and does not "present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." *Id.* at 485.

The materials attached to the complaint show plaintiff's custody level was based, in part, upon his disciplinary history and that the classification was reviewed periodically. (Doc. 1, attach. grievance response dated 12/11/07.) These facts suggest a reasonable basis for the decision to increase plaintiff's custody based upon his history of misconduct; likewise, the record does not suggest any unusual or atypical circumstances resulting from the maximum custody classification. Accordingly, the court concludes no claim for relief is stated.

Plaintiff also seeks relief on the ground that he was injured while incarcerated in the maximum security unit. The relevant grievance states he "was suddenly hit in the mouth by another inmate, without any confrontation or warning" (Doc. 1, grievance dated 9/4/07). Plaintiff was hospitalized following this incident and underwent surgery.

The court liberally construes this to assert the a violation of the duty to protect. It is settled that prison officials have a duty to ensure the safety of prisoners in their custody. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)("prison officials have a duty ... to protect prisoners from violence at the hands of other prisoners"). However, not "every injury suffered by one prisoner at the hands of another ... translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer,* 511 U.S. at 834.

Rather, a prison official may be held to have violated the Eighth Amendment only when two components are satisfied: an objective component requiring the inmate show he was "incarcerated under conditions posing a substantial risk of serious harm"; and a subjective component requiring that defendants acted with the culpable state of mind referred to as "deliberate indifference." *Id.; Wilson v. Seiter,* 501 U.S. 294, 299 (1991). An official acts with deliberate indifference when the official

6

"knows of and disregards an excessive risk to inmate health or safety." *Farmer,* 511 U.S. at 837 ("A prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."); *Gonzales v. Martinez,* 403 F.3d 1179, 1186 (10th Cir.) *cert. denied,* 546 U.S. 1003 (2005). Deliberate indifference requires "a higher degree of fault than negligence." *Hovater v. Robinson*, 1 F.3d 1063, 1066 (10th Cir. 1993)(citations omitted); *Farmer,* 511 U.S. at 835. A prison official's "failure to alleviate a significant risk that he should have perceived but did not" does not give rise to a constitutional deprivation. *Id.*

Here, plaintiff complains only that he should have been classified at a lower custody level based upon his criminal history. He does not allege that the particular conditions in the maximum custody area created an excessive risk to his safety and that the risk was known and disregarded by officials. Likewise, it does not appear that plaintiff himself knew of any reason that he might be in danger from his assailant, as his grievance described the attack as sudden and unprovoked.

Accordingly, the court concludes the plaintiff does not allege a claim for relief.

Plaintiff also complains that he was placed on sack meals for approximately two weeks after he allegedly threw a meal tray at a deputy. He claims this violated a constitutional right to two hot meals per day.

The Eighth Amendment requires prison officials to provide humane conditions of confinement. *See Farmer,* 511 U.S. at 832 ("[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care."); *Barney v. Pulsipher,* 143 F.3d 1299, 1310 (10th Cir. 1998). However, "only those deprivations denying the minimal civilized measure of life's necessities ... are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter,* 501 U.S. 294, 298 (1991)(internal quotation marks omitted). Plaintiff's preference for hot meals is not sufficient to state a constitutional deprivation. *See Hoitt v. Vitek,* 497 F.2d 598 (1st Cir. 1974)(no claim stated where complaint alleged denial of hot meals but prisoner plaintiffs were provided adequate food).

Finally, to the extent plaintiff claims his rights were violated by the alleged failure of Detective Chavez to return to

pick up plaintiff's complaints regarding professional standards, the court liberally construes the claim to allege a denial of access to the courts under the First Amendment.

Generally, to assert a violation of the constitutional right to access to the courts, a prisoner must allege facts showing a denial that impaired his ability to pursue a nonfrivolous claim. *Penrod v. Zavaras,* 94 F.3d 1399, 1403 (10th Cir. 1996) (citing *Lewis v. Casey*, 518 U.S. 343, 350 (1996)). In *Lewis*, the Supreme Court stated the right of access to the courts requires prison officials to provide the legal materials "inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Lewis*, 518 U.S. at 355.

Having considered the record, the court is persuaded the plaintiff's claim regarding his ability to pursue professional standards complaints does not implicate the protected right of access to the courts.

First, it is clear plaintiff has the ability to pursue legal remedies in the courts, as he has commenced three civil rights actions regarding events during his incarceration. Next,

the record, at most, suggests a temporary inability to pursue an internal complaint concerning adherence to professional standards. While it appears Detective Chavez did not return within the time plaintiff expected that he would, the inconvenience to the plaintiff is not sufficient to state the deprivation of a constitutional right.

## Conclusion

For the reasons set forth, the court concludes this matter may be dismissed for failure to state a claim upon which relief may be granted.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted. Collection action shall continue pursuant to 28 U.S.C. §1915(b)(2) until plaintiff satisfies the fee obligations in Case Nos. 03-3303 and 08-3015 and the $350.00 filing fee in the present action.

IT IS FURTHER ORDERED this matter is dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(ii).

Copies of this order shall be transmitted to the plaintiff and to the Finance Office of the facility where he is incarcerated.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 20th day of February, 2008.


                                        S/ Sam A. Crow
                                        SAM A. CROW
                                        United States Senior District Judge